B. R. ELDER *et al. v.* R. G. JONES.

[64 South. 212.]

CHATTEL MORTGAGE. *Assignment of debt. Rights of assignee. Title after default. Code* 1906, *section* 2779.

Under Code 1906, section 2779 so providing, before sale under mortgage or deed of trust, the mortgagor or grantor shall be deemed the owner of title of the property conveyed, except as against the mortgagee and his assigns, or the trustee after breach of the conditions of the mortgage or deed of trust; and so after default the title to mortgaged property vest in the mortgagee, and where he has assigned the debt, the right to seize and sell the property conferred by the mortgage vests in the assignee.

APPEAL from the circuit court of Union county.

HON. H. K. MAHON, Judge.

Suit by R. G. Jones against B. R. Elder and others. From a judgment for plaintiff, defendant appeals.

The appellee was plaintiff in the court below and appellant was defendant. Suit was begun in replevin to recover possession of certain mules alleged to be wrongfully withheld from the possession of the plaintiff. In addition to the facts set out in the opinion, it appears that the plaintiff had taken up a note of defendants due the Bank of Ecru, and there is testimony in the record to show that the lien held by the Bank of Ecru to secure its indebtedness covered other mules than those embraced in the bill of sale securing the indebtedness to King which Jones also paid off. Under instructions of the court the jury were permitted to include both the indebtedness to King and the indebtedness to the Bank of Ecru in their judgment and also to assess damages.

*C. Lee Crum,* for appellant.

The mortgage authorizes H. D. King, in the event he does not take possession of the property and sell it, to

appoint some one else to do so. Here is shown a further confidence and trust reposed in him, or his person, by the appellant as grantor in executing said mortgage. The statement that the mortgage shall be security to H. D. King, "and his assigns" means no more under our law than if the statement "and his assigns" had been omitted, for the simple reason that an assignment of the security notes would carry with it an assignment of the security. But the special trust and confidence delegated to H. D. King by the grantor to act himself in closing out the mortgage, or to appoint some one to act as trustee, is not delegated to Jones by an assignment of the notes to him. It is true there appears a written transfer of the mortgage on its back, but this is in nowise an appointment of R. G. Jones as trustee to foreclose the same, and is itself entirely superfluous, because a transfer of the notes transfers also the security.

I quote from Cyc., p. 1286 (h) : "A mortgage is distinct from the debt, which it seems is not a thing of value nor fit subject of transfer; hence an assignment of the mortgage alone, without the debt, is nugatory and confers no rights whatever upon the 'assignee.'"

Again on the same page (i) : "The debt secured being the principal thing, and the mortgage only an incident or accessory to it, a proper assignment of the debt will carry with it the mortgage, and the assignors will have no further interest in the security than to hold it as trustee for the assignee of the debt."

And on page 1287 (II) : "When the debt secured by a mortgage is evidenced by bond or note, the formal assignment of the one, or the transfer of the other by endorsement, or by mere delivery, will carry to the assignee the full benefit of the security and all the rights and remedies of an equitable owner of the mortgage."

So, in the case at bar, appellant had executed his four separate promissory notes which were each secured by this mortgage, and if these notes had been transferred to

four several assignees instead of one, each assignee would look to the mortgage as security for his note.

27 Cyc., 1289 (IV) I quote: "When several notes secured by one mortgage are transferred to different parties such transfer amounts to a proportional transfer of the mortgage."

In case these notes had been transferred to four several assignees it would hardly be contended that each and every one of them would have a right to take possession of the property and each sell it, but the proper way would be to have the trustee, if there was one, sell the property and apportion the proceeds to the payment of the notes assigned to the several parties, or to have the chancery court appoint a commissioner to effect this result under its directions.

The court will also please turn to 27 Cyc., page 1299 (e): Under this section it appears that in those states, such as Alabama, for instance, where there is a statute giving the assignee the right to foreclose, it may be done, as an act of trust and confidence to the mortgagee. Mississippi has no such statute, and under the common law no such right passes to the assignee. The latter part of the above section referred to concludes: "And an assignment will not carry a power of sale which was so expressed in the mortgage as to be personal to the mortgagee as such: 'or his representative or attorney,' without meaning 'assigns.' " See *Ward* v. *Ward*, 19 So. 354.

Therefore, the assignment of the notes and the mortgage in the case at bar did not assign to R. G. Jones the right to sell thereunder nor appoint him to act as trustee, which was given only to H. D. King, and such as he should specially appoint to so act. I very much question King's authority to act in this fiduciary capacity after his interest in the notes secured passed to Jones; and certainly Jones, not being designated to so act by the transfer, has no right to the possession of the mules, and cannot sell them as trustee under the mortgage. The only power he

has must be stipulated in the mortgage, and it shows no authority in him to act as trustee. *Shipwith* v. *Robinson,* 24 Miss. 688; *Ready* v. *Hamm,* 46 Miss. 422; *Cox* v. *Amer. Freehold Co.,* 40 So. 739; *Watson* v. *Perkins,* 40 So. 643; *Guion* v. *Wilson,* 42 Miss. 77; *Clark* v. *Wilson,* 53 Miss. 119; *Allen* v. *Alliance,* 36 So. 285, 84 Miss. 319; *Fuller* v. *Davis,* 63 Miss. 825, 13 So. 241.

The court will please note especially the observation of Judge CALHOUN in concluding his opinion in *Allen* v. *Alliance Trust Co.,* 36 So. 287, 84 Miss. 319. It appears very clear, since in this suit in replevin the question involved was that of the right of the appellee to the immediate possession of the two mules in controversy, that this mortgage, which shows no right in appellee to possession, should have been excluded when objected to by appellant. If Jones has no right to possession the case should have been decided by the court for the appellant, and must now be reversed by this court.

*Jones & Knox,* for appellee.

The doctrine of *delectus personae* does not apply in this case, as there was no trustee appointed as was the case in *Allen* v. *Alliance Trust Company,* 36 So. 278, 84 Miss 319, and the other Mississippi cases cited by counsel for appellee, wherein there was a trustee appointed and named by the mortgagor, whose duty alone it was to carry out the terms of the instrument. No special trustee was named in the instrument under which the assignee claims, in the case at bar; nor is there any question therefore of substituted trust; or substituted trustee or legal representatives, as in the case of *Fuller* v. *Davis,* 63 Miss. 78, 13 So. 241.

Appellee proceeded to seize and take possession under his express rights under the instrument of appellant Elder, while in the case of *Clark* v. *Wilson,* 53 Miss. 119, the terms appointing W. W. Mangrum trustee were wholly disregarded, and contrary to the express terms

another was substituted, when the trustee had not re-signed or refused to act.

The case of *Guion* v. *Wilson,* 42 Miss. 77, is not analo-gous to the case at bar, because in that case the time never arrived when the mortgagee had a right to sub-stitute a trustee; but under the rule of Powers in that case, the intention of the parties if compatible with law must govern.

It was clearly Garrett's intention to give, not only King but his assigns the right to possession of the mules when the condition was broken. Neither of the cases of *Shipwith* v. *Robinson,* 24 Miss. 689 and *Ready* v. *Hamm,* 46 Miss. 422, are analogous.

COOK, J., delivered the opinion of the court.

One of the questions presented by this record, so far as we have been able to ascertain, has never been de-cided by this court.

B. R. Elder, appellant, conveyed to H. D. King and his assigns two mules, to secure to said King an indebted-ness of three hundred and fifty dollars. The instrument of conveyance provided that, in case the above-mentioned indebtedness was not paid at its maturity, "then the said party of the second part (King) or any person au-thorized by him, is hereby authorized and empowered by said party of the first part (Elder) to seize upon and take into his possession all the property herein conveyed, and sell so much thereof as may be necessary at public sale for cash, or private sale, as the party of the second part may deem best," etc. R. G. Jones, appellee, paid the indebtedness secured by the instrument, and the fol-lowing indorsement was made on the back of same, viz.: "For value received I hereby transfer the within trust deed to R. G. Jones, without recourse. This 17th day of July, 1911. H. D. King." Appellant refused to de-liver the mules to appellee, after condition broken, and this action in replevin was instituted by Jones, the appel-

lee here. Before this suit was instituted, appellee demanded the payment of three hundred and sixty-seven dollars or the delivery of the mules. Both demands were refused by appellant.

The question is: Did appellee have the right to take possession of the mules and sell the same to pay the indebtedness due to H. D. King, the mortgagee, after said indebtedness had been paid by appellee and the mortgage assigned to him, or was the power of sale a personal trust conferred upon H. D. King "or any person authorized by him?"

It will be noted that the assignment of the mortgage does not in terms authorize the assignee "to seize and take into possession" the property conveyed to H. D. King.

The contention of appellant is stated thus: "But this writing is more than a mortgage. In fact, it confers upon H. D. King the power to take possession of the mules and sell them to satisfy any amount that may be unpaid after the maturity of the notes. The last office is founded on the doctrine of *'delectus personae,''* which implies confidence in, and knowledge of, the character, skill, and ability of King. In this respect King acts as a trustee, and the same rules of law apply to him in his capacity as trustee as it would to a third party had one been named to act as trustee."

The last clause of section 2779, Code of 1906, reads: "And before a sale under a mortgage, or deed of trust, the mortgagor, or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust, except as against the mortgagee and his assigns, or the trustee after breach of the conditions of such mortgage or deed of trust."

In *Buck* v. *Payne,* 52 Miss. 271, Judge SIMRALL says: "The legal title may be asserted by the mortgagee, but only for the protection of his debt, and to make the security available for its payment." It will be observed

that by section 2779, above quoted, the legal title to the
property mortgaged after condition broken remains in
"the mortgagee and his assigns," and, whatever may
be the view taken by the several courts of other states,
it is clear that the legislature thus recognized that an
assignment of a mortgage carries with it the legal title of
the property mortgaged to the assigns of the mortgagee.
In *Hill* v. *Robertson,* 24 Miss. 368, this court said: "Up-
on the maturity of a debt and a failure to pay, the legal
title became absolute" in the mortgagee. The court in
that case was considering a mortgage without a power
of sale, but the case is authority for the doctrine that the
mortgagee after the maturity of the secured debt and
a failure to pay is the owner of the property mortgaged
and is entitled to possession to make his security avail-
able.

As we have said, no case decided by this court has
come under our observation which holds that an as-
signee of a mortgage has the right to the possession
of the mortgaged property after condition broken, but we
think the statute clearly recognizes the rights of the as-
signee to be the same as the rights of the original mort-
gagee.

After discussing the question and noting the conflict
of authority, Mr. Jones, in his valuable work on Mort-
gages, thus announces his views, viz.: "The more liberal
and better construction is that a power of sale con-
ferred by a mortgage upon the mortgagee, being intended
to afford him a means of promptly collecting his debt,
is a power coupled with an interest and is therefore ap-
purtenant to the estate and passes with it as part of
the mortgage security to an assignee of the mortgage or
even of the mortgage debt." Jones on Mortgages, sec-
tion 1787.

After showing the differences between the rights of a
mortgagee and a *cestui que trust,* and the points of agree-
ment between them, this court, in *Clark* v. *Wilson,* 53

Miss. 130, says this: "But the mortgagee, after condition broken, becomes the owner of the estate, is vested with the legal title, and may, at law, have a certain redress predicated of his legal right."

What was the legal right here? Certainly the mortgagee had the right to take the property into his possession for the purpose of selling the same because (a) the mortgage gives him that right, and (b) because the legal title was vested in him after condition broken. He had an estate which he could convey, and we think the appurtenances of that estate followed the legal title.

This case, however, must be reversed because the jury's verdict is not supported by the evidence. We can find no evidence authorizing a finding of damages, and, besides, it is clear that the jury added the amount of Ecru Bank bill of sale to its verdict, which was unwarranted. The bill of sale does not describe the mules in controversy, and the evidence is undisputed that the mules described in the bill of sale are not the same mules for which replevin was instituted.

*Reversed and remanded.*